NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-616

COMMONWEALTH

vs.

DAMIAN D. MEOLA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the District Court, the defendant was found guilty of operating a motor vehicle while under the influence of liquor (OUI).[1]  On appeal, he claims there was insufficient evidence to support that conviction.  We affirm.

Discussion.  The defendant claims that there was insufficient evidence to support his conviction for OUI where the Commonwealth failed to prove that he was under the influence of liquor.  We disagree.

> "When analyzing whether the record evidence is sufficient to support a conviction, an appellate court is not required to 'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.' . . . Rather, the relevant 'question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found

---

[1] The defendant was found not responsible for a civil motor vehicle infraction for failure to stop at a red light.

the essential elements of the crime beyond a reasonable doubt.'"

Commonwealth v. Rocheteau, 74 Mass. App. Ct. 17, 19 (2009), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).

When evaluating sufficiency, the evidence must be reviewed with specific reference to the substantive elements of the offense.  See Jackson v. Virginia, 443 U.S. 307, 324 n.16 (1979); Latimore, 378 Mass. at 677-678.  In the circumstances of this case, to establish the defendant's guilt of OUI, in violation of G. L. c. 90, § 24 (1) (a) (1), the Commonwealth was required to prove that the defendant (1) operated a motor vehicle, (2) on a public way, (3) while under the influence of alcohol.  Commonwealth v. Hallinan, 491 Mass. 730, 733-734 (2023).  Here, as noted above, the defendant challenges only the third element, i.e., proof that he was impaired.

In the light most favorable to the Commonwealth, the evidence demonstrated that the arresting officer saw the defendant drive through a red light at an intersection without stopping.  The officer pulled over the defendant, provided a warning, and let the defendant leave.  As the defendant drove away, the officer saw that the defendant's right rear tire was flat and the tire's rim was grinding against the pavement.  The officer once again pulled over the defendant.  On this occasion, the officer stood closer to the defendant than she had for the

2

first stop.  While conversing with the defendant, the officer noticed that he was slurring his speech and his eyes were bloodshot and glassy.  The officer could also smell the odor of alcohol coming from the vehicle.

The officer had the defendant perform field sobriety tests, specifically the nine-step walk and turn and the one-legged stand.  For neither test did the defendant follow the officer's instructions, nor did he complete the tests as directed.[2]  After the defendant nearly fell on several occasions, the officer ended the tests for the defendant's safety.  The officer then formed the opinion that the defendant was intoxicated, and he was placed under arrest.

As recited above, the defendant exhibited the "classic symptoms of alcohol intoxication," including glassy and bloodshot eyes, an odor of alcohol emanating from his person, and slurred speech.  Commonwealth v. Gallagher, 91 Mass. App.

---

[2] When performing the nine-step walk and turn test, the defendant took fifteen steps out, missing heel-to-toe on several steps. While taking these steps, he stepped off the line several times and raised his arms for balance.  The officer reminded the defendant that he only needed to take nine steps each way and instructed him to continue the test.  The defendant then took fourteen steps back, without stepping heel-to-toe, and he stepped off the line.  At no point during the test did he count his steps out loud as he had been instructed.  During his attempt at the one-legged stand test, the defendant could not keep his foot off the ground without raising his arms for balance.  He also shuffled his standing leg and hopped in place while struggling to keep his balance.  He again failed to count out loud as instructed.

Ct. 385, 392 (2017).  In addition to these signs, the defendant could not follow the officer's instructions on how to complete the field sobriety tests.  His performance on the tests was not only poor, but also the officer had to stop the tests to prevent the defendant from falling and hurting himself.  From this evidence, a rational jury were entitled to find the defendant was impaired and guilty of OUI.  See id. at 392-393.

The defendant claims that the evidence was insufficient for a variety of reasons, including that he was allowed to drive away after the first stop, he was not speeding, his headlights were on, he did not improperly signal, he drove in the correct lane of the road, he stopped when the officer activated her cruiser's lights, he was able to produce his license, there was no alcohol in the car, and that an odor of alcohol does not correlate with intoxication.[3]  The defendant couples this with the claim that the Commonwealth's case was the product of an inexperienced officer's lay opinion that he was intoxicated.  All of these claims were proper fodder for the jury to consider and for counsel to argue.  On appeal, however, we must view the evidence in the light most favorable to the Commonwealth, and these claims are not oriented as such.  See Latimore, 378 Mass.

---

[3] The defendant also implies that any of his irregularities or imbalance during the field sobriety tests were caused by poor weather conditions, or from the fact that he had had knee surgeries and his hips replaced.

4

at 677.  Moreover, we are not obligated to reread the record from the defendant's perspective.  See Rocheteau, 74 Mass. App. Ct. at 19.

Finally, the defendant erroneously claims that the officer's observations of his intoxication were insufficient to establish that he was impaired in the absence of evidence that the defendant was unable to operate his car safely.  Rather, in an OUI prosecution, the Commonwealth must prove "that the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely.  The Commonwealth need not prove that the defendant actually drove in an unsafe or erratic manner, but it must prove a diminished capacity to operate safely."  Commonwealth v. Connolly, 394 Mass. 169, 173 (1985).  See Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 353 (2015) (sufficient evidence of impairment without evidence of erratic operation or collision and field sobriety tests not performed).  Similarly, to establish the element of impairment, "the Commonwealth need not prove that the defendant was drunk, only that alcohol diminished [his] ability to operate a motor

vehicle safely." Gallagher, 91 Mass. App. Ct. at 392. The Commonwealth properly carried its burden.

Judgment affirmed.

By the Court (Meade, Blake & Desmond, JJ.[4]),

Assistant Clerk

Entered: February 20, 2024.

---

[4] The panelists are listed in order of seniority.